**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0681, <u>John Rymes v. Blue Mountain Forest Association d/b/a Corbin Park & a.</u>, the court on July 15, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, John Rymes, appeals the order of the Superior Court (<u>Smith</u>, J.) dismissing his petition for injunctive relief against the defendants, Blue Mountain Forest Association and Peter Crowell. He argues that the trial court erred in denying his request for injunctive relief because he had "at minimum" an equitable interest in the association as an "approved applicant" or "approved buyer," separate from his contract claims, and because he alleged facts reasonably susceptible of a construction that would permit recovery. We affirm.

"The propriety of affording equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case." <u>MacDonald v. Jacobs</u>, 171 N.H. 668, 679 (2019) (quotation omitted). "We will uphold the decision of the trial court with regard to the issuance of an injunction absent an error of law, unsustainable exercise of discretion, or clearly erroneous findings of fact." <u>DuPont v. Nashua Police, Dep't</u>, 167 N.H. 429, 434 (2015) (brackets and quotation omitted).

The plaintiff alleged that he attained the status of an "approved applicant" for membership in the association's hunting club and an "approved buyer" of membership certificates when the association stopped moving forward with his membership application. He sought equitable relief from the trial court requiring the defendants to return him to the list of "approved applicants" or "approved buyers," so that he could become a club member. However, even assuming the truth of the allegations in the plaintiff's petition, <u>see</u> <u>Barufaldi v. City of Dover</u>, 175 N.H. 424, 427 (2022), returning to the status of "approved applicant" or "approved buyer" would not, by itself, entitle the plaintiff to membership. Accordingly, we agree with the trial court that the plaintiff failed to allege sufficient facts to show that he had a sufficient legal or equitable interest that would allow for recovery. <u>See</u> <u>id</u>.

The plaintiff argues that the trial court failed to "consider the factual circumstances of the case prior to making its determination as to whether injunctive relief was warranted," citing <u>City of Keene v. Cleaveland</u>, 167 N.H. 731, 742 (2015). However, the trial court considered that the plaintiff also

failed to state claims for breach of contract or specific performance, and the plaintiff articulated no other legal or equitable theory entitling him to relief. We conclude that the record supports these findings. Accordingly, we conclude that the plaintiff has failed to show that the trial court erred in dismissing his claim for injunctive relief. See DuPont, 167 N.H. at 434.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**
